IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BOBBY JACKSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 3:15-CV-00535-B |
| TRIUMPH AEROSTRUCTURES, LLC a/k/a § | |
| TRIUMPH VOUGHT AIRCRAFT DIVISION, § | |
| AND/OR THE ENTITY THAT EMPLOYED § | |
| PLAINTIFF AS OF FEBRUARY 20, 2014, § | |
| § | |
| Defendant. § | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL APPENDIX IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT AND REPLY BRIEF**

Defendant Triumph Aerostructures, LLC a/k/a Triumph Vought Aircraft Division, and/or the Entity that Employed Plaintiff as of February 20, 2014 ("Triumph") respectfully files this Motion for Leave to File Supplemental Appendix in Support of its Motion for Summary Judgment and Reply Brief and shows the Court the following:

**BACKGROUND**

On March 30, 2016, Triumph filed its Motion for Summary Judgment and thereafter, on May 6, 2016, Plaintiff filed his Response, in which he alleges for the first time that Human Resources generalist Chris Jackson ("Jackson") relied on information from Plaintiff's supervisor, Derrick Mortis ("Mortis"), when conducting his investigation into the defect and attempted cover-up that Doyle Weaver ("Weaver") discovered and traced back to Plaintiff and when recommending that Plaintiff's employment be terminated. (*See* Response, pp. 4, 5, and 12). On May 20, 2016, and in conjunction with its Reply, Defendant filed a supplemental appendix (the

"Supplemental Appendix") to rebut the new allegation in Plaintiff's Response. On June 1, 2016, Plaintiff filed his Motion to Strike Defendant's Supplemental Appendix of Exhibits in Support of Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (the "Motion"). Trial of this matter is scheduled for August 1, 2016, and the Court has not yet ruled on Triumph's Motion for Summary Judgment.

In his Motion, Plaintiff asks the Court to strike Triumph's Supplemental Appendix submitted along with its Reply in Support of its Motion for Summary Judgment (the "Reply"). Plaintiff's Motion is based on the erroneous allegation that the Supplemental Appendix contains new evidence and there is no "good cause" to file it, although Plaintiff fails to offer any explanation for his allegation.

## ARGUMENTS AND AUTHORITIES

The Supplemental Appendix, which consists of three pages from the deposition of Chris Jackson, contains evidence that is necessary to clarify the record and respond to the new claim raised in Plaintiff's Response. Plaintiff's bare conclusion that there is no good cause to file the Supplemental Appendix is unfounded. Contrary to Plaintiff's assertion, the Supplemental Appendix does not contain new evidence nor does it raise new arguments. Rather, it simply refutes Plaintiff's new claim raised for the first time in his Response. Therefore, Defendant is entitled to submit it with its Reply. *See Woods v. Peters*, No. 4:05-CV-724-Y, 2007 U.S. Dist. LEXIS 69234, at *15 n.4 (N.D. Tex. Sept. 19, 2007) (permitting supplemental appendix filed with reply brief when response raised new argument); *Lynch v. Union Pac. R.R. Co.*, No. 3:13-CV-2701-L, 2015 WL 6807716, at *1 (N.D. Tex. Nov. 6, 2015) (because evidence submitted with defendant's reply was responsive to arguments raised and evidence relied on by plaintiff in

his summary judgment response, it was not new evidence raised for the first time and did not require that the court strike it).[1]

Furthermore, Plaintiff included nearly the entire transcript of Chris Jackson's deposition with his Response, omitting the three pages he now seeks to have stricken. Based on the "rule of completeness" articulated in Fed. R. Evid. 106, Triumph should not be denied the opportunity to include the portion of Jackson's testimony that refutes Plaintiff's new argument and that Plaintiff omitted from his Response Appendix. Additionally, no injustice can result by the supplementation of Jackson's deposition excerpts considering that the same information can be ascertained from Jackson's and Weaver's declarations, which already are admitted into the record. *See* App. 53 (Decl. of Doyle Weaver ¶ 5); App. 48 (Decl. of Chris Jackson ¶ 8).

Notwithstanding that the Supplemental Appendix does not raise any new arguments or present new evidence, Plaintiff will not be prejudiced by its filing because he may seek leave, if necessary, to file a sur-reply. *See Hijeck v. Menlo Logistic,, Inc.*, No. 3:07-cv-0530-G, 2008 WL 465274 at * 5 n.3 (N.D. Tex. Feb. 21, 2008) (any prejudice from supplemental materials in the reply brief could be remedied by parties agreeing to the filing of the reply brief and new supporting materials, and further response and a final reply brief).

## CONCLUSION AND PRAYER

The Supplemental Appendix contains no new evidence. Triumph should have the opportunity to respond to Plaintiff's newly asserted argument and clarify Plaintiff's mischaracterization of Jackson's testimony in doing so.

WHEREFORE, Triumph respectfully requests that the Court grant it leave to file and introduce into the record Defendant's Supplemental Appendix in Support of Its Motion for Summary Judgment and Reply Brief, and award any further relief to which it may be entitled.

---

[1] Triumph will also file a Response to Plaintiff's Motion to Strike.

Respectfully submitted,

s/ Vicki D. Tall
Andrew T. Turner
Texas Bar No. 24008968
andrew.turner@ogletreedeakins.com
Vicki D. Tall
Texas Bar No. 24079921
vicki.tall@ogletreedeakins.com

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
Phone: (214) 987-3800
Fax: (214) 987-3927

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was forwarded to counsel for Plaintiff on June 22, 2016, via ECF filing to the following ECF registrant:

Jason C.N. Smith
Law Offices of Jason Smith
600 Eighth Avenue
Fort Worth, Texas 76104
Telephone: (817) 334-0880
Facsimile: (817) (334-0898
jasons@letsgotocourt.com

s/ Vicki D. Tall
Vicki D. Tall

25217968.1