UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY JACKSON, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-0535-B |
| | § | |
| TRIUMPH AEROSTRUCTURES, LLC | § | |
| a/k/a TRIUMPH VOUGHT AIRCRAFT | § | |
| DIVISION and/or THE ENTITY THAT | § | |
| EMPLOYED PLAINTIFF AS OF | § | |
| FEBRUARY 20, 2014, | § | |
| | § | |
|   Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are: (1) Plaintiff Bobby Jackson's Motion to Strike Defendant's Supplemental Appendix of Exhibits in Support of Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 35); and (2) Defendant Triumph Aerostructures, LLC's Motion for Leave to File Supplemental Appendix in Support of its Motion for Summary Judgment and Reply Brief (Doc. 37). For the following reasons, the Court **DENIES** Plaintiff's Motion but **GRANTS** Defendant's.

I.

BACKGROUND

This dispute arises out of Defendant's Motion for Summary Judgment but turns on a single procedural question: What evidence, if any, can a moving party include in its reply brief?

The basic facts are routine. Defendant filed its Motion for Summary Judgment with a brief and appendix in support. Doc. 18, Def.'s Mot. for Summ. J.; Doc. 19, Def.'s Br. in Supp. of Mot. for

Summ. J.; Doc. 20, Def.'s App. in Supp. of Mot. for Summ. J. Plaintiff, in turn, filed his Response, also supported with a brief and appendix. Doc. 30, Pl.'s Resp. to Def.'s Mot for Summ. J. [hereinafter Pl.'s Resp.]; Doc. 31, Pl.'s Br. in Supp. of Pl.'s Resp.; Doc. 32, Pl.'s App. in Supp. of Pl.'s Resp.

Then Defendant filed its Reply. Doc. 33, Def.'s Reply to Pl.'s Resp. [hereinafter Def.'s Reply]. But somewhat irregularly, it too came with an appendix. Doc. 34, Def.'s App. in Supp. of Def.'s Reply. That appendix is the Court's focus here.

## II.

### LEGAL STANDARD

The Northern District of Texas local rules on summary judgment do not permit a party to submit additional evidence with a reply brief as of right. *Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 103 (N.D. Tex. 2001); *see* N.D. Tex. Civ. R. 56.5(c), 56.7. For that reason, a summary judgment movant "may not file a reply brief appendix without first obtaining leave of court." *Dethrow*, 204 F.R.D. at 104. And leave of court is available only under limited circumstances "[b]ecause the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence." *Id.* The Court's charge, then, is to determine whether this is one of those limited circumstances. *See id.*

## III.

### ANALYSIS

*A. Plaintiff's Motion to Strike*

The Court first addresses Plaintiff's Motion to Strike. This analysis is straightforward. Defendant "filed a reply appendix without first obtaining leave of court." *Id.*; *see also* Doc. 34, Def.'s App. in Supp. of Def.'s Reply. Thus, the Court ought to strike Defendant's appendix. *See*

*Dethrow*, 204 F.R.D. at 104. And it generally would. Yet as seen below, that result here would serve only to impose an unnecessary filing burden on Defendant and the Court. So as a practical matter, the Court **DENIES** Plaintiff's Motion to Strike.

*B. Defendant's Motion for Leave*

The Court now turns to Defendant's Motion for Leave. Defendant argues that the Court should grant it leave to file a supplemental appendix to rebut new allegations Plaintiff raised in his Response. Doc. 37, Def.'s Mot. for Leave 1–2. In particular, Defendant asserts that Plaintiff alleges for the first time in his Response that Defendant's human-resources representative relied on information from another of Defendant's employees—Plaintiff's supervisor, who is the subject of some controversy in this case—about Plaintiff's work performance during the investigation that led to Plaintiff being fired. *Id.* This flows into Plaintiff's overall narrative that Plaintiff's supervisor was looking for an excuse to get Plaintiff fired. *See* Doc. 30., Pl.'s Resp. ¶¶ 6–16. Plaintiff supports his claim with, among other things, the human-resources representative's deposition transcript. Doc. 31, Pl.'s Br. in Supp. of Pl.'s Resp. 4–5, 12; Doc. 32, Pl.'s App. in Supp. of Pl'.s Resp. 96–151, Dep. of Christopher Leon Jackson.

Defendant claims that Plaintiff's Response mischaracterizes its human-resources representative's testimony. Doc. 37, Def.'s Mot. for Leave 3. For that reason, Defendant seeks leave to include three pages from the human-resources representative's deposition showing that while Plaintiff's supervisor provided the human-resources representative with information, he was not the source of that information. *Id.* at 2–3. Plaintiff, on the other hand, contends that the issue is old hat; Defendant just made a strategic error in not including the deposition transcript earlier. Doc. 38, Pl.'s Resp. to Def.'s Mot. for Leave 2–4. And that, he argues, does not merit

leave. *Id.*

"Normally, the Court would not consider new evidence presented with a reply." *Woods v. Peters*, No. 4:05-cv-724-Y, 2007 WL 2729905, at *6 n.4 (N.D. Tex. Sept. 19, 2007). But this is one of those limited circumstances where leave of court is appropriate. Despite his contention otherwise, a review of the pleadings shows that Plaintiff did not raise the issue of Defendant's human-resources representative's source of information before his Response.

Plaintiff specifically references the human-resources representative's deposition to support his argument that the representative relied on information from Plaintiff's supervisor. Doc. 31, Pl.'s Br. in Supp. of Pl.'s Resp. 4–5, 12; *see also Woods*, 2007 WL 2729905, at *6 n.4. So Defendant may submit the full context of the human-resources representative's statement to show that Plaintiff's supervisor was a vehicle for that information but not its source. *See Woods*, 2007 WL 2729905, at *6 n.4. To that end, the Court **GRANTS** Defendant's Motion for Leave.

The Court notes that this is an infrequent result. On that basis, and to avert any potential prejudice, the Court further **GRANTS** Plaintiff leave to file a sur-reply. *See Hijeck v. Menlo Logistics, Inc.*, No. 3:07-cv-0530-G, 2008 WL 465274, at *5 n.3 (N.D. Tex. Feb. 21, 2008).

## IV.

## CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's Motion to Strike Appendix in Support of Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 35) but **GRANTS** Defendant's Motion for Leave to File Supplemental Appendix in Support of its Motion for Summary Judgment and Reply Brief (Doc. 37). The Court directs the clerk to enter Defendant's Supplemental Appendix (Doc. 34) as of the date of this

Order. And the Court **GRANTS** Plaintiff leave to file a sur-reply no later than **September 27,**

**2016**.

SO ORDERED.

SIGNED: September 12, 2016.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE